Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| **WANDA MILAGROS APONTE TORRES**<br><br>Parte recurrida<br><br>v.<br><br>**YEILIN MARIE LABOY HERNÁNDEZ**<br><br>Parte peticionaria | **TA2026CE00712** | ***CERTIORARI***<br>procedente del Tribunal de Primera Instancia Sala Superior de **Ponce**<br><br>Caso Número:<br>**PO2026RF00357**<br><br>Sobre:<br>**Divorcio –<br>Ruptura Irreparable** |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pérez Ocasio y la Juez Trigo Ferraiuoli

Pérez Ocasio, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 9 de junio de 2026.

Comparece ante nos, Yeilin Laboy Hernández, en adelante, Laboy Hernández o peticionaria, solicitando que revisemos tres (3) dictámenes emitidos los días 27 y 28 de mayo de 2026 y 3 de junio de 2026, por el Tribunal de Primera Instancia, Sala Superior de Ponce, en adelante, TPI-Ponce. En ellas, el Foro Recurrido declaró *"No Ha Lugar"* una solicitud para denegar remedios cautelares presentada por la peticionaria, declaró a esta en rebeldía y dispuso no atender por el momento un asunto sobre hogar seguro planteado por Laboy Hernández.

Por los fundamentos que expondremos a continuación, ***desestimamos*** el presente recurso por falta de jurisdicción.

## I.

Wanda Aponte Torres, en adelante, Aponte Torres o recurrida, y Laboy Hernández contrajeron nupcias en el año 2015. Sin embargo, el 22 de abril de 2026, Aponte Torres presentó una *"Demanda de Divorcio"* contra la peticionaria, por la causal de

ruptura irreparable.[1] El 27 de mayo de 2026, Laboy Hernández fue emplazada.

No habiendo contestado la peticionaria la demanda, el 15 de mayo de 2026, la recurrida presentó una *"Urgente Moción en Solicitud de Remedios Cautelares"*.[2] Posteriormente, la peticionaria radicó su oposición a esta solicitud el 21 de mayo de 2026, en la que solicitó que el TPI-Ponce denegara la petición de remedios cautelares de Aponte Torres.[3] El 26 de mayo de 2026, en cumplimiento de orden, Aponte Torres replicó a la oposición de la peticionaria.[4] Esta última presentó una dúplica el 27 de mayo de 2026, solicitando al Foro Recurrido que desestimara la petición de remedios cautelares.[5] Ese mismo día, el TPI-Ponce declaró *"No Ha Lugar"* la solicitud de Laboy Hernández.[6]

Así las cosas, el 28 de mayo de 2026, el TPI-Ponce anotó la rebeldía de Laboy Hernández, toda vez que no había contestado la demanda y señaló vista para el 5 de junio de 2026, en la que atendería los asuntos relevantes a la petición de remedios cautelares.[7] Por su parte, el 1 de junio de 2026, la peticionaria presentó una moción a los efectos de solicitar, entre otras cosas, hogar seguro y descubrimiento de prueba en torno a los remedios cautelares solicitados por la recurrida.[8] Al día siguiente, Torres Aponte se opuso a esta solicitud.

El 3 de junio de 2026, el TPI-Ponce emitió una orden en la que sostuvo la vista pautada para el 5 de junio de 2026. Luego, a instancia de Laboy Hernández, el Foro Recurrido aclaró que no atendería la solicitud de remedios provisionales de la peticionaria.

---

[1] Apéndice del recurso, Anejo #1.
[2] *Íd.*, Anejo #3.
[3] *Íd.*, Anejo #8.
[4] *Íd.*, Anejo #10.
[5] *Íd.*, Anejo #11.
[6] *Íd.*, Anejo #12.
[7] *Íd.*, Anejo #13.
[8] *Íd.*, Anejo #25.

Inconforme, el 4 de junio de 2026, Laboy Hernández recurrió ante nos mediante *"Petición de Certiorari"*, en la que hizo los siguientes señalamientos de error:

> **PRIMER ERROR:** Erró el TPI al negarse a desestimar, de su faz, la moción de "remedios provisionales" del 15 de mayo de 2026, la cual: (a) no podía atenderse sin previa enmienda de la demanda; (b) solicita remedios finales y no provisionales; (c) no haya apoyo en los Artículos 444 al 451 del Código Civil de 2020; (d) se concedió sin vista, sin fianza y sin notificación adecuada, contrario a la Regla 56; y (e) infringe el debido proceso de ley.
>
> **SEGUNDO ERROR:** Erró el TPI al anotar la rebeldía a la peticionaria sin que mediara solicitud a esos efectos y, seis días después, al extender el efecto de esa anotación de modo que la peticionaria no pueda presentar prueba para controvertir los remedios provisionales de la demandante en la vista del 5 de junio de 2026.
>
> **TERCER ERROR:** Erró el TPI al no señalar vista alguna para dilucidar la fundamentada solicitud de remedios provisionales ("hogar seguro") de la peticionaria, no controvertida por la demandante, ni su solicitud de descubrimiento de prueba en torno a los remedios provisionales solicitados por la demandante.

Además, de su recurso, presentó una *"Moción en Solicitud de Paralización en Auxilio de Jurisdicción"*. En la misma, la peticionaria solicitó que ordenáramos el levantamiento de su rebeldía, y paralizáramos la vista pautada para el día siguiente, en la que se pretendía atender el divorcio y los remedios provisionales solicitados por la recurrida. Ese mismo día, emitimos una "Resolución" declarando *"Ha Lugar"* la petición de auxilio, parcialmente. Nuestro mandato únicamente levantó la rebeldía de Laboy Hernández, y ordenó al TPI-Ponce a celebrar la vista en cuestión con la participación de ambas partes.

Según la *"Segunda Solicitud Urgente en Auxilio de Jurisdicción"* radicada al día siguiente por la peticionaria, esta no participó de la vista, aunque intentó conectarse virtualmente. Arguyó que, no obstante a que, a su entender, no se celebró la vista,

el Foro Recurrido atendió la solicitud de remedios cautelares de Aponte Torres. En síntesis, adujo que estaba de acuerdo, en parte, con algunos de los pronunciamientos del TPI-Ponce. Sobre aquellos que estaba en desacuerdo, solicitó nuestra intervención en la segunda petición de auxilio de jurisdicción.

Sin embargo, pasadas unas horas, siendo el 5 de junio de 2026 aún, el Foro Recurrido emitió una *"Sentencia"* que nos colocó en posición de entender sobre lo ocurrido durante el día. En vista que el TPI-Ponce cumplió con nuestra *"Resolución"*, celebró, en efecto, la vista, y atendió en la misma los asuntos presentados a través del recurso de *certiorari* de Laboy Hernández, declaramos *"No Ha Lugar"* la segunda solicitud en auxilio de jurisdicción de la peticionaria.

Por todo lo cual, prescindimos de la comparecencia de Aponte Torres para expresarnos, al amparo de la facultad conferida por la Regla 7(B)(5) de nuestro Reglamento, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, pág. 15, 216 DPR __ (2025).[9]

**II.**

**A. Certiorari**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Allio v. Santiago Chardón*, 2026 TSPR 13, 217 DPR ___ (2026); *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG*, 205 DPR 163, 174-175 (2020).

---

[9] Esta regla nos permite "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante [nuestra] consideración, con el propósito de lograr su más justo y eficiente despacho [...]". Reglamento del Tribunal de Apelaciones, *supra.*

Ahora bien, tal discreción no opera en lo abstracto. Con respecto a lo anterior y para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> [. . .]
>
> (Énfasis suplido).

Según se desprende de la citada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones. *Allio v. Santiago Chardón,* supra; *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 710-711 (2019).

Luego de auscultar si el recurso discrecional cumple con las disposiciones de la Regla 52.1 de Procedimiento Civil, *supra*, el tribunal procederá a evaluar el recurso a la luz de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*. La mencionada Regla expone los criterios que esta Curia deberá considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Véase, además, *Rivera et al. v. Arcos Dorados et al.*, supra, pág. 209; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020).

Así, la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, funge como complemento a la Regla 52.1 de Procedimiento Civil, supra. *Torres González v. Zaragoza Meléndez*, supra. La precitada Regla dispone lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

*In re Aprob. Enmdas. Reglamento TA*, supra, pág. 63; *Allio v. Santiago Chardón*, supra; *BPPR v. SLG Gómez-López,* 213 DPR 314, 337 (2023).

(Énfasis suplido).

Sin embargo, ninguno de los mencionados criterios es determinante por sí solo para este ejercicio y no constituye una lista exhaustiva. *García v. Padró,* 165 DPR 324, 335 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *W.M.M., P.F.M. et al. v. Colegio*, 211 DPR 871, 902-903 (2023); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000). *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).  (Énfasis suplido).

### B. Jurisdicción

Es norma conocida que la jurisdicción es el poder o la autoridad que posee un tribunal para considerar y decidir casos o controversias con efecto vinculante para las partes. *Mojica Rodríguez v. ESSROC,* 2026 TSPR 47, 218 DPR ___ (2026); *Friguer Salgueiro v.*

*Mech Tech,* 2026 TSPR 30, 218 DPR ___ (2026); *Mun. Río Grande v. Adquisición Finca,* 2025 TSPR 36, 215 DPR ___ (2025); *Freire Ruiz et al. v. Morales, Hernández,* 2024 TSPR 129, 214 DPR ___ (2024); *Mun. Aguada v. W. Const. y Recovery Finance,* 213 DPR 432, 448 (2024); *Matos, Sostre v. Registradora,* 213 DPR 348, 354 (2023); *MCS Advantage v. Fossas Blanco et al.,* 211 DPR 135, 144 (2023); *FCPR v. ELA et al,* 211 DPR 521, 529 (2023).

Así pues, al presentarse en un foro judicial una situación jurídica, se torna forzoso el examinar, como primer factor, si existe jurisdicción sobre el caso en cuestión. *Mun. Aguada v. W. Const. y Recovery Finance,* supra; *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 500 (2019). Ello, dado que, el tribunal revisor tiene el deber de auscultar tanto su propia jurisdicción como la del tribunal recurrido. *Torres Alvarado v. Madera Atiles,* supra, pág. 500.

Ante tal normativa, se ha reiterado que los tribunales debemos ser celosos guardianes de nuestra jurisdicción. En virtud de lo anterior, las cuestiones relativas al elemento jurisdiccional son privilegiadas, lo cual, les brinda prioridad frente a otros asuntos envueltos en el análisis jurídico. *Mojica Rodríguez v. ESSROC,* supra; *Friguer Salgueiro v. Mech Tech,* supra; *JJJ Adventure v. Cpnsejo de Titulares,* 2025 TSPR 123, 216 DPR ___ (2025); *Torres Alvarado v. Madera Atiles,* supra, pág. 500; *Morán v. Martí,* 165 DPR 356, 364 (2005). Siendo así, al foro judicial carecer de jurisdicción, resulta innecesario entrar en los méritos del caso. *MCS Advantage v. Fossas Blanco et al.,* supra, pág. 146.

### C. Academicidad

Es máxima de derecho que los Tribunales están llamados a resolver o adjudicar controversias jurídicas de carácter justiciable. *Buxó Santiago v. O.E.G.,* 2024 TSPR 130, 215 DPR ___ (2024); *Super Asphalt v. AFI y otro,* 206 DPR 803, 815 (2021); *Amador Roberts et als. v. ELA,* 191 DPR 268, 282 (2014); *Asoc. Fotoperiodistas v. Rivera*

*Schatz*, 180 DPR 920, 931 (2011); *Moreno v. Pres. UPR II*, 178 DPR 969, 973 (2010). El principio de justiciabilidad circunscribe las facultades de adjudicación que ostentan los tribunales, a casos con partes que se encuentren en posiciones genuinamente antagónicas, y que desean una intervención oportuna y reparadora. *Super Asphalt v. AFI y otro,* supra, pág. 815; *Lozada Tirado et al. v. Testigos Jehová,* 177 DPR 893, 907 (2010); *E.L.A. v. Aguayo*, 80 DPR 552, 584 (1958).

La jurisprudencia ha reiterado que una controversia carece de justiciabilidad cuando: "(1) se procura resolver una cuestión política; (2) una de las partes carece de legitimación activa; (3) ***hechos posteriores al comienzo del pleito han tornado la controversia en académica***; (4) las partes están tratando de obtener una opinión consultiva, o (5) se intenta promover un pleito que no está maduro". *Super Asphalt v. AFI y otro,* supra, pág. 815, citando a *Bhatia Gautier v. Gobernador*, 199 DPR 59, 68-69 (2017) (Énfasis suplido).

La justiciabilidad es una doctrina de rango constitucional que persigue el fin de evitar que se obtenga un fallo sobre una controversia o una determinación inexistente o impráctica. *E.L.A. v. Aguayo*, supra, pág. 582. Uno de los resultados de las controversias no justiciables, es la academicidad. *Crespo v. Cintrón*, 159 DPR 290, 298 (2003). Nuestro más Alto Foro ha establecido que un caso es académico "cuando ocurren cambios durante el trámite judicial de una controversia particular que hacen que esta pierda su actualidad, de modo que el remedio que pueda dictar el tribunal no ha de llegar a tener efecto real alguno en cuanto a esa controversia". *Bhatia Gautier v. Gobernador*, supra, pág. 73; *C.E.E. v. Depto. de Estado*, 134 DPR 927, 935 (1993).

Por ello, cuando un caso se torna académico, ***el foro judicial pierde jurisdicción sobre el mismo, y debe abstenerse de entrar***

***en la controversia originalmente planteada***. *Super Asphalt v. AFI y otro,* supra, pág. 816; *C.E.E. v. Depto. de Estado*, supra, págs. 595-596; *E.L.A. v. Aguayo*, supra. Así pues, la norma de la academicidad impide la creación de precedentes inoportunos. *Super Asphalt v. AFI y otro*, supra; *P.N.P. v. Carrasquillo*, 166 DPR 70, 75 (2005).

A estos efectos, la Regla 83 (B)-(C) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, supra, págs. 116-117, dispone que este Tribunal, *a iniciativa propia*, tiene autoridad para desestimar un recurso por cualquiera de los siguientes motivos:

> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
>
> (1) que el Tribunal de Apelaciones carece de jurisdicción;
>
> (2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello;
>
> (3) que no se ha presentado o proseguido con diligencia o de buena fe;
>
> (4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos, o
>
> **(5) que el recurso se ha convertido en académico.**
>
> (C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualquiera de los motivos consignados en el inciso (B) precedente. [...]
>
> (Énfasis suplido).

### III.

El 4 de junio de 2026, Laboy Hernández presentó ante nos el recurso de autos, en el que señaló varios errores cometidos por el TPI-Ponce durante los procesos preliminares en la demanda de divorcio instada en su contra por Aponte Torres, la aquí recurrida. Sin embargo, las controversias planteadas fueron atendidas al día siguiente por el Foro Primario. *Veamos.*

En el *primer señalamiento de error*, Laboy Hernández aduce que el TPI-Ponce debió "desestimar" de su faz la solicitud de remedios cautelares de Aponte Torres, por requerir que se enmendara la demanda para ello. Debemos señalar, primeramente, que ante una solicitud de remedios provisionales, el tribunal concede o deniega la misma, pero no desestima. Aclarado lo anterior, apuntalamos que, a diferencia de la contención de la peticionaria, el TPI-Ponce no adjudicó dicha moción. Por el contrario, pautó vista en atención a ella para el 5 de junio de 2026. En cualquier caso, el asunto se tornó académico cuando, luego de presentado el recurso de referencia, Aponte Torres desistió de su solicitud de remedios cautelares.[10]

En su *segundo señalamiento de error*, la peticionaria impugnó la declaración de rebeldía en su contra. Sin embargo, en nuestra *"Resolución"* del 4 de junio de 2026, ordenamos al Foro Primario a levantar la misma. Al día siguiente, el foro *a quo* cumplió con lo ordenado y aceptó la contestación a la demanda presentada por la peticionaria, por lo cual dicho asunto también advino académico.

En su *tercer y último señalamiento de error*, aduce la peticionaria que el TPI-Ponce se equivocó al "desestimar", en contravención a las disposiciones estatutarias al respecto, su petición de remedios provisionales. Sin embargo, surge del expediente que, contrario a lo planteado por Laboy Hernández, al momento de presentarse el recurso, el Foro Primario tenía pendiente pasar juicio sobre esta solicitud de remedios provisionales. En efecto, a esa fecha, el Foro Primario se había limitado a indicar que no atendería la misma durante el señalamiento pautado para el 5 de junio de 2026. Posteriormente, el Foro Primario emitió una orden señalando otra vista para el mes de agosto del año 2026, en la que

---

[10] Véase "*Minuta*" del 8 de junio de 2026. (SUMAC, Entrada Núm. 67).

atenderá la petición de remedios cautelares solicitados por la peticionaria, Laboy Hernández, por lo cual no se justifica nuestra intervención en esta etapa con el referido asunto.

Ante la exposición normativa del principio de justiciabilidad, las órdenes y la *"Sentencia"* dictadas el 5 de junio de 2026 por el Foro Recurrido, no queda ninguna controversia real que podamos resolver a través del recurso de referencia.  Tampoco tenemos jurisdicción para revisar actuaciones del Tribunal de Primera Instancia que son posteriores a la presentación del recurso de la peticionaria.  Como resultado, ***el caso ante nos, se ha tornado académico***.

**IV.**

Por los fundamentos que anteceden, *se desestima el presente recurso de revisión judicial por falta de jurisdicción, por academicidad.*

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones